IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STORMI LYNN ADAMS                                                                  PLAINTIFF

v.                        Civil No. 13-2054

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                     DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Stormi Adams, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") pursuant to Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed her application for SSI on August 3, 2010,[2] due to pain and mental impairments. Tr. 114-119, 140, 153-155. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 61-63, 69-70. An administrative hearing was held on December 13, 2011. Tr. 31-58. Plaintiff was present and represented by counsel.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2] SSI may not be granted prior to a claimant's application filing date, because benefits through an SSI application are allowed only after all regulatory criteria are established, namely after the SSI application is filed. *See* 20 C.F.R. § 416.335; *Jernigan v. Sullivan*, 948 F.2d 1070, 1072 n. 3 (8th Cir. 1991). Therefore, plaintiff must prove that her disability commenced on or after August 3, 2010, and continued through January 18, 2012, the date of the ALJ's decision.

At the time of the hearing, Plaintiff was 47 years old and possessed the equivalent of a high school education. Tr. 24, 35. She had past relevant work "(PRW") experience as a clerk and cashier. Tr. 24, 145-147.

On January 18, 2012, the ALJ found Plaintiff's personality disorder, dysthymic disorder, and left knee disorder were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 16-18. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(a) except she can no more than frequently climb, balance, crawl, kneel, stoop, and crouch. Further, the claimant is limited to work where interpersonal contact is incidental to the work performed, with no contact with the general public; where the complexity of tasks is learned and performed by rote, with few variables and little judgment required; and where supervision required is simple, direct, and concrete.

Tr. 18. With the assistance of a vocational expert, the ALJ then concluded that Plaintiff could perform work as an assembler, machine tenderer, and inspector. Tr. 25.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on December 26, 2012. Tr. 1-5. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 10.

**II.    Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

AO72A
(Rev. 8/82)

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

3

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003).  Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity.  *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.    Discussion:

Under the regulations, "if a claimant files additional medical evidence with a request for review prior to the date of the [Commissioner's] final decision, the Appeals Council MUST consider the additional evidence if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision." *Williams v. Sullivan*, 905 F.2d 214, 215-216 (8th Cir. 1990). And, the present record makes clear that the Appeal Council considered the evidence presented by Plaintiff.

Once it is clear that the Appeals Council has considered the newly submitted evidence, our role is to determine whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made. *See, e.g., Nelson v. Sullivan,* 966 F.2d 363, 366 (8th Cir. 1992); *Browning v. Sullivan,* 958 F.2d 817, 822 (8th Cir. 1992).  That means that we must speculate to some extent on how the administrative law judge would have weighed the newly submitted reports if they had been available for the original hearing.  We consider this to be a peculiar task for a reviewing court*. See Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

AO72A
(Rev. 8/82)

After reviewing the record in this case, the undersigned is convinced that remand is necessary to allow the ALJ to review the RFC assessment completed by Plaintiff's treating doctor, Dr. Kelli Rippy, the same date the ALJ rendered his determination. Dr. Rippy indicated that she had been treating the Plaintiff since June 2011, due to joint pain, arthritis, depression, anxiety, and hepatitis C. Tr. 308-310. It was her opinion that Plaintiff could stand and walk for 1 hour total in an 8 hour workday; sit for 6 hours total in an 8 hour workday; could not use hands for reaching or pushing/pulling in a competitive environment or crawl; could only occasionally bend, squat, climb, reach above head, stoop, crouch, kneel, and tolerate exposure to dust, fumes, gasses, and noise; and, could rarely look up and only occasionally look down, turn her head right or left, or hold her head in a static position. Further, Dr. Rippy stated that Plaintiff would sometimes require unscheduled breaks during an 8 hour working shift and require a sit/stand/walk option, if employed. She noted that Plaintiff's pain was moderate, but severe enough to interfere with her attention and concentration and affect her ability to tolerate work stress.

This assessment is bolstered by records from Dr. Rippy revealing complaints of bilateral knee pain; tingling and numbness in the neck; mild tension and tenderness in the cervical paraspinous muscles; swelling in the right ankle along the Achilles tendon; pain in the heels; and, stiffness, pain, popping, and effusion in the left knee. Tr. 273-274, 276-277, 278-279. For this, she was prescribed Prednisone, Flexeril, Mobic, and Tramadol.

Our review of the record reveals that it does not even contain an RFC assessment from a medical source. Instead, the only assessment of record was conducted by a non-medical examiner in November 2010, who concluded Plaintiff's physical impairments were non-severe.

5

Tr. 221-222. Clearly, this is error. And, we find that remand is necessary to allow the ALJ to review the RFC assessment completed by Dr. Rippy. *See Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003) (ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace).

Additionally, it appears that x-rays of Plaintiff's left knee and right ankle were ordered by Dr. Rippy in September 2011, but Plaintiff was unable to return t o get those results, due to a lack of funds. The ALJ made no attempt to obtain these results from Dr. Rippy. We find this failure to also constitute reversible error. *See Snead v. Barnhart*, 360 F.3d 834, 838-39 (8th Cir. 2004) (ALJ bears a responsibility to develop the record fairly and fully, independent of the claimant's burden to press his case to discover evidence that might alter the outcome of the disability determination). Accordingly, on remand, the ALJ is directed to recontact Dr. Rippy to obtain the results of said tests.

### IV.   Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of October 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)